IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CATHARINE W. and JASON L. HEINZ;
for and on behalf of their son D.H., a minor,

    **Plaintiff,**

v.                                                             Case No. 2:17-cv-00645

VIRGINIA BEACH CITY PUBLIC SCHOOLS,

    **Defendant.**

## INTERVERNOR'S MEMORANDUM IN
## SUPPORT OF MOTION TO INTERVENE

Before this Court is a motion to intervene pursuant to Federal Rule of Civil Procedure 24 filed by the nonattorney advocate who represented plaintiffs and their minor child in a Due Process hearing against the Defendant pursuant to §504 the Rehabilitation Act of 1973 and 29 U.S.C. 794a(b). The Plaintiffs herein have filed on behalf of their son, D. H. a claim seeking reimbursement of attorney's fees, non-lawyer advocate fees, expert witness fees, and other costs pursuant to §504 the Rehabilitation Act of 1973 and 29 U.S.C. 794a(b).

This court has subject matter jurisdiction over the claims of the plaintiffs pursuant to 28 U.S.C. §1331 which give district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States".

Fed. R. Civ. P. 24(a)(2) states that a right to intervene requires "an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

In *Stuart v. Huff,* 706 F.3d 345 (4th Cir. 2013), (*quoting Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991), the Court ruled that a "district court must permit intervention as a matter

of right if the movant can demonstrate "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation."

In addition to the above three factors, the intervention must be timely which is a "cardinal consideration" as to whether to permit intervention. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999)

In the instant case, while the objectives of the Plaintiff and the intervenor are roughly the same, to wit, seeking reimbursement of nonattorney scratch advocacy fees and costs associated with representing the plaintiff in a §504 due process hearing, the interest of the intervenor is personal and direct, while the interest of the plaintiff is not as direct because the advocacy fees sought will not go to the plaintiff's but to the intervenor. Ergo, the intervenor "stand[s] to gain or lose by the direct legal operation." *Teague v. Bakker*, 931 F.2d at 261.

Also, given that the plaintiffs are pro se in this case and are not lawyers or have any legal training, there is no presumption that the intervenor's interest will be adequately represented. *Stuart v. Huff*, 706 F.3d at 350. Moreover, an intervenor's burden of showing inadequacy of representation is minimal. *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir.1976).

If this Court determines that the intervenor is not entitled to mandatory intervention, he certainly meets the four-prong requirement for permissive intervention, to wit, (1) that the intervenor's motion is timely; (2) that the intervenor's "claim or defense and the main action have a question of law or fact in common" (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that intervention will not unduly delay or prejudice the adjudication

of the rights of the original parties. *See, Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co.*, 223 F.R.D. 386 (D. Md. 2004).

The motion is clearly timely in that following the filing of the amended complaint, the defendant has yet to respond. Intervenors claim is the exact same as the plaintiffs, seeking reimbursement for fees and expenses of a nonattorney advocate. There is subject matter jurisdiction of this Court because the claim is made pursuant to federal statute and therefore 28 U.S.C. §1331 is applicable. Because of the early stages of this proceeding, the intervention will not unduly delay or prejudice the original parties.

**FOR THEFOREGOING REASONS,** Intervenor respectfully asks the Court to grant his motion to intervene in this case as a party-plaintiff.

Respectfully submitted,

Sa'ad El-Amin

*Sa'ad El-Amin*

Sa'ad El-Amin
1805 Monument Ave., Suite 307
Richmond, Virginia 23220
(804) 439-8515
saadelamin@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on 26 March 2018, I hand delivered the foregoing Complaint in Intervention to the Clerk of the Court and mailed and emailed a copy to Catharine & Jason Heinz, 2008 Manassas Run, Virginia Beach, Virginia 23464 plaintiffs; and to Dannielle Hall-Mclvor, Esq. (VSB No. 74098) Office of the City Attorney, 2512 George Mason Dr., Virginia Beach, VA 23456, E-mail, dcmcivor@vbgov.com, counsel for the School Board.

*Sa'ad El-Amin*