IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CATHARINE W and JASON L HEINZ
for and on behalf of their son D.H., a minor,

      Plaintiff,

v.                                                        Case No. 2:17-cv-00645

THE SCHOOL BOARD OF THE CITY OF
VIRGINIA BEACH, VA,

      Defendant.

## DEFENDANT'S RESPONSE TO INTERVENOR'S MOTION TO INTERVENE

COMES NOW the School Board of the City of Virginia Beach (the "School Board"), by counsel, and in response to Intervenor's Motion to Intervene, Doc. 12, states as follows:

## INTRODUCTION

The School Board respectfully requests that the Court deny Mr. El-Amin's Motion to Intervene for the following reasons:

- Mr. El-Amin is not entitled to intervention of right, because he lacks a "direct and substantial interest" in the subject matter of the litigation, and denying intervention would not significantly impair or impede his ability to protect his interests, as his interests are adequately protected by the existing parties.

- Mr. El-Amin does not have a claim or defense that shares with the main action a common question of law or fact, in that he brings no specific cause of action or defense distinct from the Plaintiff's claim. His Motion instead amounts to an impermissible attempt to practice law in federal court without a license.

**DISCUSSION**

I.      **Mr. El-Amin is Not Entitled to Intervention of Right.**

Under Rule 24(a) of the Federal Rules of Civil Procedure, "upon timely motion," the court must permit intervention as of right where the intervenor: "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

That is, "[i]n order to prevail on a motion to intervene as of right under Rule 24(a) . . . [the] Proposed Intervenor must show that:"

> (1) the motion to intervene is timely; (2) Proposed Intervenor possesses a "direct and substantial interest" in the subject matter of the litigation; (3) denying intervention would significantly impair or impede the ability of Proposed Intervenor to protect [his] interests; and (4) Proposed Intervenor's interests are inadequately protected by the existing parties.

*Bostic v. Rainey*, 2014 U.S. Dist. LEXIS 189529, at *5 (E.D. Va. Jan. 17, 2014) (quoting *In re Richman*, 104 F.3d 654, 658-59 (4th Cir. 1997)).[1] "A proposed intervenor 'bears the burden of demonstrating to the court a right to intervene,' and must prove each element in order for a court to grant intervention as of right." *Id.* (quoting *Richman*, 104 F.3d at 658).

Here, Mr. El-Amin's Motion must fail because: (A) he lacks a "direct and substantial interest" in the subject matter of the litigation; (B) denying intervention would not significantly impair or impede his ability to protect his interests, as his interests are adequately protected by the existing parties.

---

[1] Mr. El-Amin does not allege that he is given an unconditional right to intervene by a federal statute.

### A. Mr. El-Amin lacks a direct and substantial interest.

In determining whether a proposed intervenor has a "direct and substantial interest," the key inquiry is "whether a proposed intervenor stands 'to gain or lose by the direct legal operation of the district court's judgment' in the action into which the intervention is sought." *Bostic*, 2014 U.S. Dist. LEXIS 189529, at *5 (quoting *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991)). The interest must "be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *Am. Maritime Trans., Inc. v. U.S.*, 870 F.2d 1559, 1562 (Fed. Cir. 1989) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984))). Accordingly, the interest "may not be either indirect or contingent." *Id.* at 1561.

Here, the Plaintiff's Amended Complaint seeks reimbursement of attorney's fees, non-lawyer advocate fees (including Mr. El-Amin's fees), expert fees, and other costs pursuant to 29 U.S.C. § 794a(b), the fee-shifting provision applicable to § 504 of the Rehabilitation Act, as the prevailing party in a § 504 administrative due process hearing against the School Board. Under the plain language of § 794a(b), Mr. El-Amin does not have the requisite "direct and substantial interest."

Section 794a(b) provides, in relevant part, that "[i]n any action or proceeding to enforce or charge a violation of a provision of this title . . ., the court, in its discretion, may allow the ***prevailing party***, other than the United States, a reasonable ***attorney's fee*** as part of the costs." 29 U.S.C. § 794a(b) (emphasis added). As Defendant argued in support of its Motion to Dismiss the Amended Complaint, reimbursement under § 794a(b) is limited only to attorney's fees, and does not include the services of non-lawyer advocates. *See* Mem. in Supp. of Mot. to Dismiss Am. Compl. at 5-6, Mar. 27, 2018, Doc. 15.

More importantly, even if Mr. El-Amin were a licensed attorney, he would not have a legally protected interest independent of the Plaintiff to seek those fees. Mr. El-Amin argues that his interest "is personal and direct . . . because the advocacy fees sought will not go to the plaintiffs but to the intervenor." Intervenor's Mem. in Supp. of Mot. to Intervene at 2, Mar. 26, 2018, Doc. 13. Under § 794a(b), however, only the "prevailing party," not that party's attorney (and certainly not his non-attorney advocate), has the right to seek fees.

In analyzing a civil rights fee-shifting statute with the same "prevailing party" language, the Fourth Circuit held that "attorney's fees are payable to the prevailing party[,] . . . not the attorney." *Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009); *see also Willis v. Gov't Accountability Office*, 448 F.3d 1341, 1347 (Fed. Cir. 2006) ("[U]nder the statute [containing "prevailing party" language like § 794a(b)] only the prevailing party has the right to claim fees. [The attorney] accordingly has no right under the statute to claim fees, and lacks Article III standing to directly assert a claim for attorney's fees.").

As such, the extent to which Mr. El-Amin is entitled to payment for services rendered to the Plaintiff is a separate and distinct matter between Mr. El-Amin and his client, and irrelevant to these proceedings. *See, e.g.*, *Rhoads v. FDIC*, 286 F. Supp. 2d 532, 541-42 (D. Md. 2003) ("Importantly, any entitlement to attorney's fees belongs to [the prevailing party] alone. . . . [T]he 'entitlement of an attorney to fees depends upon the contractual arrangement between the attorney and the client. The parties to these arrangements may well take into account the possibility of a court award of fees where statutory authority . . . exists but a claim for such an award must itself be made by the party rather than the attorney.' The court is aware of no contractual arrangement between [the plaintiff] and her former counsel whereby [the plaintiff] assigned or otherwise negotiated her entitlement to statutory attorney's fees to her former counsel. Accordingly, any

entitlement to attorney's fees belongs to [the plaintiff] alone as the prevailing party." (quoting *Brown v. Gen. Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983))).

B. **Interests not impaired and adequately represented.**

Mr. El-Amin likewise cannot show, "as a practical matter," that his interest may be "impaired" or "impeded" by the Court's failure to allow intervention, as his interests are adequately represented by the Plaintiff. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Electric Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

This presumption is directly applicable here. Mr. El-Amin's Memorandum expressly states that "the objectives of the Plaintiff and the intervenor are roughly the same, to wit, seeking reimbursement of nonattorney . . . advocacy fees and costs associated with representing the plaintiff in a § 504 due process hearing." Intervenor's Mem. in Supp. of Mot. to Intervene at 2, Mar. 26, 2018, Doc. 13.

Mr. El-Amin cites to *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) for the proposition that this presumption does not apply because "the plaintiffs are pro se in this case and are not lawyers or have any legal training." *Id.* Support for this contention, however, is found nowhere in *Stuart*. Instead, the presumption arises regardless of the Plaintiff's pro se status, and is only rebutted by demonstration of "adversity of interest, collusion, or nonfeasance" – none of which Mr. El-Amin alleges here. *See Sewell v. Int'l Longshoremen's Ass'n, Local No. 333*, 2013 U.S. Dist. LEXIS 154687, at *6-7 (D. Md. Oct. 29, 2013) ("The intervenors' goals exactly align with those of the current plaintiffs. Their stated objective in joining this action . . . is exactly the course taken by the current pro se plaintiffs. . . . [The intervenors] have claimed no adversity of interest,

5

collusion or nonfeasance on the part of plaintiffs as they now proceed pro se. As such, the Court finds that the intervenors are adequately represented by plaintiffs.").[2]

## II.  Mr. El-Amin is Not Entitled to Permissive Intervention.

Rule 24(b) allows for permissive intervention where the intervenor "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).[3] "[T]he decision whether to grant permissive intervention is a matter 'within the sound discretion of the trial court.'" *Grenadier v. Virginia*, 2017 U.S. Dist. LEXIS 161415, at *2 (E.D. Va. Mar. 1, 2017) (quoting *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003)). "In exercising its discretion to allow permissive intervention, the Court 'must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *BMO Harris Bank, N.A. v. Truland Sys. Corp.*, 2017 U.S. Dist. LEXIS 65091, at *5 (E.D. Va. Apr. 27, 2017) (quoting Fed. R. Civ. P. 24(b)(3)). Mr. El-Amin's request for permissive intervention should likewise fail because his proposed complaint fails to bring any claim or defense distinct from the Plaintiff's claim, and instead amounts to an impermissible attempt to practice law in federal court without a license.

Mr. El-Amin's proposed "Complaint in Intervention" includes no specific cause of action or defense. While he purports to file as a "party-plaintiff," he asserts no independent claim or right

---

[2] *See also Friedlander v. Engel (In re Potter)*, 2006 Bankr. LEXIS 3502, at *11 n.7 (10th Cir. 2006) ("At the time of the bankruptcy court's ruling on the Motion to Intervene, Debtor was unrepresented by counsel in this action. However, Debtor's status as *pro se* does not in and of itself compel the conclusion that Friedlander's interest is not adequately represented by Debtor. The burden is on Friedlander to rebut the presumption of adequacy, and he has not fulfilled that burden 'by showing collusion between the representative and an opposing party, that the representative has an interest adverse the applicant, or that the representative failed in fulfilling his duty to represent the applicant's interest.'" (quoting *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844-45 (10th Cir. 1996))).

[3] Mr. El-Amin does not allege that he is given a conditional right to intervene by a federal statute.

to relief against the School Board. The proposed "Complaint in Intervention" states that Mr. El-Amin "wishes to defend and support his right to nonlawyer advocate fees and expenses pursuant to § 504." Compl. in Intervention at 2, Doc. 12-1. Notwithstanding the fact that there is no right to "nonlawyer advocate fees and expenses" under § 504's fee-shifting statute, the right to seek fees belongs to the Plaintiff alone, as the "prevailing party;" Mr. El-Amin does not have standing to do so.

Instead, Mr. El-Amin's Motion is a thinly veiled attempt to practice law in federal court. The proposed "Complaint in Intervention" plainly outlines Mr. El-Amin's intentions:

- "The plaintiffs are not represented by counsel attorneys [sic] nor are they versed in the law in any respect . . . ."

- "[Intervenor] is a former attorney who has practiced extensively in this Court when he was licensed to practice. He further contends that he is better suited to argue for his right to recover such fees and costs because of his education, training and experience as well as his greater interest in recovering these fees than even the plaintiffs."

- "Having previously litigated numerous cases before this Court for in in [sic] behalf of plaintiffs and defendants, Intervenor is familiar with the Fed. R. Civ. P. and the Local Rules of District Courts in Eastern District of Virginia."

Compl. in Intervention at 2, Doc. 12-1. This is not an appropriate basis for intervention. *See Kubiak v. Meltzer*, 2013 U.S. Dist. LEXIS 36539, at *7-8 (N.D. Ill. 2013) ("It seems that Mr. Leventhal seeks to intervene solely so that he can 'assist' Plaintiff at settlement conferences and other legal appearances, despite the fact that he is not an attorney. It is well-established law that *pro se* litigants and non-lawyers cannot represent other individuals or corporations. While Mr. Leventhal may accompany Plaintiff to court proceedings and attend them (as may any member of the public), formal intervention is not permitted under the rules and he may not speak or act on behalf of Plaintiff, as he is not an attorney." (internal citations omitted)).

"Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings." *Brown v. Ortho Diagnostic Sys.*, 868 F. Supp. 168, 170 (E.D. Va. 1994). As this Court has explained, "[t]he near uniform proscription on non-lawyers representing others in court is soundly based on two separate, but complementary policy considerations":

> First, there is a strong and compelling state interest in regulating the practice of law. Regulation that excludes non-lawyers from representing others reflects that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents, but also for his adversaries and the court. The lay litigant frequently files pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, including, importantly, the duty to avoid litigating unfounded or vexations claims.
>
> The second reason unlicensed laymen are not typically permitted to represent others in court concerns the importance of what is at stake for the litigant, and the final nature of the adjudication of the rights in question. Thus, a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are grounds to believe that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against nonlawyers, including ethical misconduct sanctions and malpractice suits. In sum, litigation is akin to navigating hazardous waters; federal courts are willing to allow individuals to steer their own boats, and perhaps founder or run aground; but federal courts are not willing to permit individuals to risk the safety of others' boats.

*Id.* at 171-72.

While Defendant does not dispute Mr. El-Amin's prior legal experience, the fact remains that "he is neither bound by a licensed attorney's ethical responsibilities, nor subject to the internal discipline of the bar." *Id.* at 172. Moreover, practicing law in this Court without being admitted to do so is expressly forbidden by the Local Rules. *See* E.D. Va. Loc. Civ. R. 83.1(H) ("Any person who, before admission to the bar of this Court or during any disbarment or suspension,

8

exercises any of the privileges of a member of the bar of this Court, or who pretends to be entitled to do so, shall be guilty of contempt of court and subject to appropriate punishment therefor.").

## **CONCLUSION**

For the foregoing reasons, the School Board, by counsel, respectfully requests this Honorable Court deny Mr. El-Amin's Motion to Intervene, and provide such further relief as this Court deems appropriate.

Respectfully submitted,

THE SCHOOL BOARD OF THE
CITY OF VIRGINIA BEACH, VA

*/s/Dannielle Hall-McIvor*
Dannielle Hall-McIvor (VSB No. 74098)
E: dcmcivor@vbgov.com
Associate City Attorney
Kamala H. Lannetti (VSB No. 31726)
Deputy City Attorney
E: klannett@vbgov.com

*Counsel for the School Board*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system and will mail the foregoing document and a copy of the Notice of Electronic Filing via FedEx to:

Catharine & Jason Heinz
2008 Manassas Run
Virginia Beach, Virginia 23464

and

Sa'ad El-Amin
1805 Monument Ave., Suite 307
Richmond, Virginia 23220

 

    */s/Dannielle Hall-McIvor*
Dannielle Hall-McIvor (VSB No. 74098)
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
2512 George Mason Dr.
Virginia Beach, VA 23456
T: 757.263.1210
E: dcmcivor@vbgov.com

*Counsel for the School Board*