IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY 17 2018
CLERK, US DISTRICT COURT
NORFOLK, VA

CATHARINE W and JASON L HEINZ
For and on behalf of their son D.H., a minor,

Plaintiff,

Case No. 2:17-cv-00645

v.

THE SCHOOL BOARD OF THE CITY OF

VIRGINIA BEACH, VA,

Defendant.

## PLANTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Come now, Plaintiffs, Catharine W Heinz and Jason L Heinz, on behalf of their son D.H. a minor, *pro se* and file their opposition to the Defendant's Motion to Dismiss. The reasons and grounds supporting this Response are set out in the accompanying memorandum.

I. *Winkelman* applies to § 504

Plaintiffs maintains their right to bring *pro se* claims on behalf of their minor son D. H. in this Court as ruled in *Winkleman v. Parma City School Dist.*, 550 U.S. 516 (2007) and under § 504 104.36 where it refers to parents regarding the right to participate in an impartial hearing and review procedures.

IDEA regulations apply to § 504 as the bar to bring claims is the same: whether the Defendant failed to honor the right to a Free Appropriate Public Education (FAPE), which applies to both IDEA and § 504. The cited case of D. N. v. Louisa Cnty. Pub. Sch. Is a court

decision related to monetary damages only when a denial of FAPE was not already determined. In Heinz vs. The School Board of Virginia Beach, VA it has been determined that the Defendant denied FAPE and the Plaintiffs have incurred the costs related to the Due Process Hearing, which would never have incurred if not for the actions of the Defendant.

Section 504 allows school divisions to adopt IDEA procedures for § 504 under CFR 104.33, which strongly suggests that *Winkleman* was applicable to § 504 and (2) the Hearing Officer in the underlying § 504 due process hearing, rule that adopted IDEA procedures and permitted non-attorney advocates to represent the parents and the child in the hearing.

The Defendant chose to make use of the Virginia Department of Education's IDEA Hearing Officers and adopt the guidelines for that hearing to adhere to 34 CFR 104.36 in 8VAC20-81-330 bringing in the applicability of IDEA to this § 504 decision.

### III. Plaintiffs' Complaint should not be dismissed because it seeks fees and costs which are compensable and reimbursable under § 504 or 28 U.S.C. § 1920.

The case cited by the Defendant, *Johnson v. Sullivan*, No. HM-89-2999, 1992 U.S. Dist. LEXIS 21549 (D. Md. May 4, 1992), is not applicable to this case because as the Defendant correctly noted, it was a title VII case which fee shifting provisions cannot be applied to § 504 because of the differences in the statutory purposes. Title VII provides employees with protections in employment circumstances which are far different because employees are far different from children with disabilities. Certainly, job protection is important but cannot ever be considered to equate to a child with a disability obtaining FAPE.

Also, the Plaintiffs' argument that non-attorney advocates who substantially prevail in a § 504 due process hearing are providing critical "related services" which allow the child to obtain

FAPE which necessitated the due process hearing and which the Hearing Officer in her decision ordered the FAPE which was denied by the Defendant.

In fact, it seems highly inappropriate for the Defendant, which denied the child a FAPE, to argue that those who corrected wrongdoing, through the apparatus of a due process hearing, would not have standing to contest the correction of its own wrongdoing.

Plaintiffs also adopt the above argument with regard to their requests for lost wages and travel costs which were expended in order to obtain FAPE for their child. Once again, the argument of the Defendant has an air of hypocrisy in that the child was denied FAPE by the Defendant and now want to argue that the efforts to right this wrong are not compensable.

The Defendant was found to have violated the civil rights of the child, and denying him FAPE. It is worth noting that nowhere in the Hearing Officer's decision was there a finding that wrongdoing by Defendant was inadvertent or accidental.

Wherefore, Plaintiffs asks that this Court to deny the Motion to Dismiss.

Respectfully submitted,

Catharine W. and Jason L Heinz

On behalf of their son D.H., a minor, *pro se*

_Catharine H_  5/15/18
_J___  5/15/18

2008 Manassas Run

Virginia Beach, VA 23464

757-839-2857

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2018 this document was mailed to the Clerk of Court and to the Defendant via USPS to the following addresses:

Dannielle Hall-McIvor

Associate City Attorney

2512 George Mason Dr.

Virginia Beach, VA 23456

And

Clerk of Court

Walter E Hoffman

United States Court House

600 Granby St

Norfolk, VA 23510

_Catharine W and Jason L Heinz_   5/15/18

For and on behalf of their minor son, D.H., *pro se*

2008 Manassas Run

Virginia Beach, VA 23464

757-839-2857

Heinz.cathy@gmail.com